UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL KELLAR, BENJAMIN KESTEL, EDWARD KAWALEK, DALE MILLER, and JOHN GALLIVAN,

      PLAINTIFFS,

-against-

COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT, and TEAMSTERS LOCAL 264 I.B. of T.C.W. and H. of A.,

      DEFENDANTS.

---

Index No.:

**VERIFIED COMPLAINT**
**JURY TRIAL DEMANDED**

    Plaintiffs, MICHAEL KELLAR, BENJAMIN KESTEL, EDWARD KAWALEK, DALE MILLER, and JOHN GALLIVAN ("Plaintiffs"), by their counsel, Sanders & Sanders, hereby complain as follows against Defendants COUNTY OF ERIE, ERIE COUNTY SHERIFF'S DEPARTMENT, and TEAMSTERS LOCAL 264, I.B. of T.C.W. and H. of A.

### NATURE OF COMPLAINT

1. This is a proceeding for declarative relief and damages for violations of Plaintiffs' rights under the Family Medical Leave Act ("FMLA"). Plaintiffs contend Defendants retaliated and interfered against them in violation of the FMLA, by modifying the mandatory overtime policy in a way that only increased the frequency of mandatory overtime for those using FMLA leave.

### JURISDICTION AND VENUE

2. This court has original jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343(4), as the Plaintiffs assert violations of their rights under the FMLA.

3. Venue is proper under 28 U.S.C. §1391(b).

## PARTIES

4. Plaintiff Kellar currently resides in Buffalo, New York 14210-1952, and has been a resident of New York State at all relevant times hereto. He is an eligible employee under the FMLA.

5. Plaintiff Kestel currently resides in Alden, New York, 14004-9301, and has been a resident of New York State at all relevant times hereto. He is an eligible employee under the FMLA.

6. Plaintiff Kawalek currently resides in Colden, New York 14033 and has been a resident of New York State at all relevant times hereto. He is an eligible employee under the FMLA.

7. Plaintiff Miller currently resides in Hamburg, New York 14075 and has been a resident of New York State at all relevant times hereto. He is an eligible employee under the FMLA.

8. Plaintiff Gallivan currently resides in Buffalo, New York 14220 and has been a resident of New York State at all relevant times hereto. He is an eligible employee under the FMLA.

9. Defendant County of Erie, Erie County Sheriff's Department is a law enforcement office and police agency, with a principal place of business at 10 Delaware Ave., Buffalo, New York 14202, and is an employer as defined in the FMLA.

10. Defendant Teamsters Local 264 I.B. of T.C.W. and H. of A., is a union with a principal place of business at 35 Tyrol Drive, Cheektowaga, New York 14227.

## **FMLA DISCRIMINATION**

11. Plaintiff Kellar began his full-time employment with Defendant in or around November 17, 2008, as a Deputy Sheriff.

12. Plaintiff Kestel began his full-time employment with Defendant in or around September 10, 2012, as a Deputy Sheriff.

13. Plaintiff Kawalek began his full-time employment with Defendant in or around March 10, 2008, as a Deputy Sheriff.

14. Plaintiff Miller began his full-time employment with Defendant in or around March 10, 2008, as a Deputy Sheriff.

15. Plaintiff Gallivan began his full-time employment with Defendant in or around April 24, 2000, as a Deputy Sheriff.

16. Plaintiffs' roles as a Deputy Sheriff primarily involved ensuring security and inmate welfare at the Erie County Holding Center. Plaintiff is responsible for maintaining order, overseeing inmate care, managing records, and providing security.

17. A normal work week consists of five, eight-hour days with two consecutive days off.

18. The consecutive hours of work are split into three shifts: Day Shift (7:00am – 3:00pm); Afternoon Shift (3:00pm – 11:00pm); and Night Shift (11:00pm – 7:00am).

19. Defendants maintain a mandatory overtime policy, requiring employees to work up to 8 hours of overtime—employees required to work overtime shifts are selected on a rolling basis.

20. Defendant Teamster Local #264, maintains the overtime list for determining which employees are to be scheduled to work the 8-hour overtime shift.

21. When an employee works overtime (whether voluntarily or by mandate) s/he moves to the bottom of the list. Historically (i.e. prior to March 2023), an employee could use a pass (up to three times per year) or FMLA time to move to the bottom of the list without working the overtime.

22. The list for overtime each shift is made by a Union Shift Steward. If there is no Shift Steward working that shift, there are other bargaining unit members designated to create the overtime list for that shift.

23. There are individuals who are never put on the overtime list. For example, there are deputy sheriffs working on the day shift and on the afternoon shift who are never on the overtime list to be forced to work the subsequent shift. Other deputy sheriffs are given special assignments that take them off the overtime list, even though they are still deputy sheriffs.

24. In March 2023, Teamster Local #264 President Brian Dickman ("Mr. Dickman") issued a memorandum ("Dickman memorandum") with the sole purpose of depleting the FMLA leave balance of employees who have to use FMLA time because they are unable to work overtime by no longer moving those individuals to the bottom of the list. **(Exhibit 1)**

25. The Dickman memorandum explicitly stated that "FMLA time does not count as a day worked or pass for purposes of assigning mandatory overtime."

26. The Dickman memorandum was posted at the Erie County Holding Center ("ECHC"), visible to all employees before signing in and out of work.

27. Prior to the Dickman memorandum, for at least 20 years, when an employee used intermittent FMLA time in lieu of being forced, they moved to the bottom of the list.

4

28. Under Defendants' new practice, since the Dickman memorandum was issued, if non-FMLA time or FMLA time is scheduled in advance (at least 30 days prior), then the person is not on the work schedule for that shift and would not be on the overtime list for the subsequent shift.

29. If an employee needs to leave early because of a personal emergency, they are charged sick time for the remaining time in their shift, and are not charged a pass, even if they would have been mandated. In that instance, they are supposed to stay in the same spot on the list. But they are only charged sick time for the hours remaining on their shift, not the eight hours of overtime they didn't work. In other words, by using as little as an hour of sick time, an employee medically unable to work could avoid working an overtime shift.

30. However, if an employee uses intermittent FMLA leave without prior notice, they are now on the overtime list for that day and must use a full eight hours of unpaid FMLA time to avoid working the overtime and remain at the top of the list.

31. Employees have been charged a full eight hours when using FMLA instead of being mandated. This is true even if the other employees who were mandated on that shift ended up working fewer than eight hours of overtime.

32. This applies to intermittent FMLA usage.

33. Since the memorandum's posting, several of Defendants' employees have exhausted their FMLA time as a result of this new practice of keeping them at the top of the list when they use FMLA time intermittently when mandated.

34. There are some deputies who work a 9-5 at the courts rather than a 7-3, 3-11, 11-7 shift. When they are mandated, they come over to the jail and work to 11 PM. That's only six

hours of overtime at most, not eight. If these deputies were to use FMLA time, they would be charged eight hours of FMLA time.

35. For non-FMLA leave, if an employee leaves early because of unexpected personal reasons, they are allowed to use sick time or other PTO time and are excused from being mandated. They are only charged the balance of their shift and are not charged any time for the hours they would have worked overtime.

## FIRST CAUSE OF ACTION –
## INTERFERENCE IN VIOLATION OF FMLA

36. Plaintiffs repeat and reallege every allegation in paragraphs 1 through 35 of this Complaint with the same force and effect as though fully set forth herein.

37. At all relevant times herein, Plaintiffs have been eligible employees under the FMLA.

38. Under the FMLA, Plaintiffs are permitted to take FMLA leave intermittently.

39. Plaintiffs each gave notice to Defendants of their intention to utilize FMLA leave intermittently.

40. Notwithstanding a 20 plus year history of employees being named to the bottom of the overtime list when they used FMLA time, employees are charged a full eight hours and are now kept at the top of the list.

41. Despite Plaintiffs using FMLA intermittently, Defendants charged a full eight hours for each instance of intermittent usage. As a result of this practice, Plaintiffs and other employees have depleted their FMLA time more quickly.

42. These practices interfere with the exercise of Plaintiffs' rights under the FMLA by discouraging Plaintiffs and other employees from using such leave.

## SECOND CAUSE OF ACTION –

## RETALIATION IN VIOLATION OF FMLA

43. Plaintiffs repeat and reallege every allegation in paragraphs 1 through 42 of this Complaint with the same force and effect as though fully set forth herein.

44. At all relevant times herein, Plaintiffs have been eligible employees under the FMLA.

45. Defendants engaged in retaliation, in violation of the FMLA, by implementing a policy that required Plaintiffs and other employees of Defendants to perform mandatory overtime immediately, or at a close proximate time, upon their return from FMLA leave if the use of FMLA caused them to miss scheduled overtime.

46. Defendants' policy is a discrete retaliatory act that suggests a fair inference of retaliatory intent based on the exercise of FMLA rights.

WHEREFORE, Plaintiffs request relief as hereinafter provided:

    a) Empanel a jury to hear Plaintiffs' complaint;

    b) Enter judgement declaring the acts and practices of Defendants to be in violation of the laws of the United States and the State of New York;

    c) Issue an injunction requiring Defendants to rescind the Dickman memorandum and require Defendants to reinstate the overtime list policy as it existed prior to March 2023;

    d) Award Plaintiffs the amount of wages, including fringe benefits, and FMLA leave balance, lost as a result of Defendants' retaliation and interference of Plaintiff's FMLA rights;

    e) Award Plaintiffs the cost of this action, together with interest and reasonable attorney's fees.

Dated: Cheektowaga, New York
       March 25, 2024

                                                  s/Harvey P. Sanders
                                                  Harvey P. Sanders, Esq.
                                                  SANDERS & SANDERS
                                                  Attorneys for Plaintiffs
                                                  401 Maryvale Drive
                                                  Cheektowaga, NY 14225
                                                  (716) 839-1489